**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

UNITED STATES OF AMERICA,

          v.                                       15-CR-157-A
                                              **DECISION AND ORDER**

COREY KRUG,

               Defendant.
_____

This case is before the Court on the Defendant's motion for severance. The Defendant, a Buffalo Police Officer, is charged with three counts of using excessive force, in violation of 18 U.S.C. § 242.[1] The facts underlying each excessive force count are set forth in detail in the Court's prior Decision and Order. _See United States v. Krug_, 198 F. Supp. 3d 235 (W.D.N.Y. 2016). In short, the events at issue in the superseding indictment span just over four years—the oldest conduct occurred in August 2010, and the most recent occurred in November 2014. The Defendant seeks to sever the superseding indictment into three trials, with one trial for each excessive force count.

In its prior Decision and Order, the Court directed the parties to file briefs addressing whether, if the Court severed Counts 1, 3, and 4 (the superseding indictment's excessive force counts), Federal Rule of Evidence 404(b) would allow the Government to prove the count of excessive force on trial by using evidence related to the other excessive force counts.

---

[1]  The Defendant is also charged with one count of falsifying a record in relation to a matter that is within the jurisdiction of a federal agency, in violation of 18 U.S.C. § 1519. The conduct underlying that charge relates to the alleged use of excessive force charged in Count 1. The Defendant does not rely on the record-falsification charge as a basis for severance, and the Court does not consider that charge in its severance analysis.

1

For the reasons stated below, the Court concludes that Rule 404(b) would allow the Government to introduce such evidence for the limited purpose of proving whether the Defendant "willfully subject[ed]" any of the alleged victims in this case "to the deprivation of any rights . . . secured or protected by the Constitution."  18 U.S.C. § 242. As a result, the Defendant could not be unfairly prejudiced by a joint trial because, in a joint trial, the Government could largely introduce the same evidence that it could introduce in three severed trials.  Thus, there is an insufficient basis to sever Counts 1, 3, and 4.  The Defendant's severance motion is therefore denied.

**DISCUSSION**

### A. Whether Rule 404(b) allows the Government to prove a violation of 18 U.S.C. § 242 with evidence of other alleged violations of § 242

Rule 404(b) allows the Government to use evidence of a prior "crime, wrong, or other act" to prove something other than a defendant's propensity to commit a particular act.  Fed. R. Evid. 404(b)(1).  The Second Circuit "take[s] an inclusive approach to other acts evidence: it can be admitted for any purpose except to show criminal propensity." *United States v. Germosen*, 139 F.3d 120, 127 (2d Cir. 1998) (quotation marks omitted). These purposes include "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2). Rule 404(b)'s primary limit on relevant other-acts evidence comes from Rule 403: relevant other-acts evidence is inadmissible only if "the trial judge concludes that its probative value is substantially outweighed by its potential for unfair prejudice." *Germosen*, 139 F.3d at 127.

The Government argues that if the excessive force counts in this case were severed into three trials, Rule 404(b) would still allow the Government to prove the

excessive force count on trial by introducing evidence related to the other excessive force counts.  Specifically, the Government argues, evidence that the Defendant used excessive force on a prior occasion could be used to prove the Defendant's motive or plan; his intent; his absence of mistake or accident; or his knowledge.  *See* Docket No. 44 at 9.

To determine whether the Government may rely on these Rule 404(b) exceptions to introduce other-acts evidence, the Court must examine each party's theory of the case.  In other words, "relevance is not the end of the inquiry: evidence admitted under 404(b) must be relevant to an issue *in dispute*."  *United States v. Scott*, 677 F.3d 72, 81 (2d Cir. 2012) (emphasis in original).  Based on the Court's understanding of the facts and the parties' arguments, the Defendant will not claim that his use of force was mistaken or accidental.  To the contrary, defense counsel represented at oral argument that the Defendant will *not* dispute whether he intended to use force; rather, the Defendant will argue that the force he used was reasonable under the circumstances. Thus, Rule 404(b) does not allow the Government to introduce other-acts evidence in this case to prove lack of accident or mistake.  *See United States v. Bell*, 516 F.3d 432, 442 (6th Cir. 2008) ("[F]or other acts evidence to be admissible for the purpose of showing absence of mistake or accident, the defendant must assert a defense based on some type of mistake or accident.") *Compare United States v. Livoti*, 196 F.3d 322, 326 (2d Cir. 1999) (in § 242 prosecution, affirming decision to admit, pursuant to Rule 404(b), evidence that the defendant had choked another arrestee in the past "because it was relevant to rebut [the defendant's] assertion that he choked [the victim] unintentionally").

Intent and knowledge, however—which are both proper grounds for introducing other-acts evidence under Rule 404(b)—are both relevant to what will clearly be a critical issue at trial: the Defendant's state of mind.  The statute charged in Counts 1, 3, and 4—18 U.S.C. § 242—makes it a crime, when acting "under color of law," to "*willfully* subject[] any person . . . to the deprivation of any rights . . . secured or protected by the Constitution."  18 U.S.C. § 242 (emphasis added).  The pattern jury instruction for § 242 illustrates the Supreme Court's expansive interpretation of the word "willfully": to determine a defendant's state of mind, the instruction allows the jury to consider, among other things, whether the defendant "act[ed] in open defiance or in reckless disregard of a known and definite federal right."  L. Sand, et al., *Modern Federal Jury Instructions: Criminal* ¶ 17.01, Instruction 17-6 (2014).[2]  It instructs the jury that the defendant's intent "need not be expressed," but may, instead, "be reasonably inferred from the surrounding circumstances of the act."  *Id.*  And, as is most relevant here, it instructs the jury that the jury "may look at the defendant's words, experience, knowledge, acts and their results in order to decide th[e] issue of willfulness."  *Id.*  Put simply, the Supreme Court's interpretation of the word "willfully" in § 242 opens the door to a variety of evidence that might make the Defendant's intent "more . . . probable."  Fed. R. Evid. 401(a).  Section 242's willfulness element also puts the Defendant's knowledge in issue, at least to the extent that the Government's theory of willfulness involves showing that, on prior occasions, the Defendant was made aware that the Constitution prohibits the

---

[2]  The pattern jury instruction for § 242's willfulness element is "derived directly from the Supreme Court's opinion in *Screws v. United States*," 325 U.S. 91 (1945).  *See Modern Federal Jury Instructions: Criminal* § 17-6, cmt.

use of excessive force in affecting an arrest.[3]   Rule 404(b) therefore allows the Government to introduce evidence that, on a prior occasion, the Defendant allegedly used excessive force to show that, on a later occasion, the Defendant's alleged use of excessive force was "willful[]."  18 U.S.C. § 242.  *See, e.g.*, *United States v. Boone*, 828 F.3d 705, 711-12 (8th Cir. 2016) (in § 242 prosecution, affirming admission of other-acts evidence to prove willfulness because "[b]y testifying that he did not intend to hurt [the victim] or kick him in the head, but was instead trying to assist his fellow officers in securing [the victim], [the defendant] placed his state of mind squarely at issue and rendered evidence of his prior use of unreasonable force probative of his intent, knowledge, motive, and absence of mistake in his use of force against [the victim]");  *United States v. White*, 68 F. App'x 707, 710-11 (7th Cir. 2003) (in § 242 prosecution, affirming admission of other-acts evidence to prove willfulness because the other-acts evidence "demonstrated . . . that [the defendant] was on notice that the use of unnecessary force under color of law is illegal and, more specifically, that unreasonable force in response to non-threatening verbal comments was in excess of his authority").[4]

---

[3]  Motive, of course, is not an element of the crimes charged in this case, but evidence of a person's motive is often used to help prove that person's intent.  *See United States v. Siddiqui*, 699 F.3d 690, 702 (2d Cir. 2012) (noting that "[m]otive has been variously defined as the reason that nudges the will and prods the mind to indulge the criminal intent; the rationale for an actor's particular conduct; and an emotion or state of mind that prompts a person to act in a particular way") (quotation marks and citations omitted).  To the extent the Government intends to argue at trial that the Defendant's motive is relevant to his intent, motive would also be a proper basis for admitting other-acts evidence.

[4]  The Defendant cites several excessive force cases that he claims are inconsistent with the cases cited above.  *See* Docket No. 47 at 4-5.  In each of the cases the Defendant cites, the court found that Rule 404(b) did not allow a civil plaintiff to introduce accusations that a police officer had used excessive force on other occasions to prove that, on a later occasion, the officer did in fact use excessive force.  But each of the cases the Defendant cites is a civil case brought under 42 U.S.C. § 1983.  And, more importantly, it appears that none of those cases required a showing of the specific intent required by § 242.  *See, e.g.*, *Tanberg v. Sholtis*, 401 F.3d 1151, 1168 (10th Cir. 2005) ("[T]he intent required by state tort law is not a malicious intent to cause harm, but rather the intent to perform the actions, combined with the belief that certain consequences are substantially certain to result.") (quotation marks omitted).  Thus, the numerous civil cases the Defendant cites are not on point.

The Defendant's primary response to the Government's argument is that his intent is not at issue in this case.  At oral argument, defense counsel stated that the Defendant "will never say that he did not intend to use physical force.  He clearly did intend to use physical force.  It wasn't inadvertent, unintentional or negligent.  He intended to use physical force, but it was appropriate under the circumstances."  Tr. 10:9-13 (Docket No. 54).  This argument has some appeal, but it relies on an understanding of § 242's scienter element that is inconsistent with the case law interpreting § 242.

Section 242 is a specific intent crime—not a general intent crime.  It requires the Government to prove that a defendant had "a specific intent to deprive a person of a federal right."  *Screws v. United States*, 325 U.S. 91, 103 (1945) (plurality) (interpreting predecessor to § 242).  *See also id.* at 107 (noting that the Supreme Court's "construction of the word 'willfully'" provides "that it [is] not sufficient that [the defendants] had a generally bad purpose.  To convict it was necessary for [the jury] to find that [the defendants] had the purpose to deprive the [victim] of a constitutional right"); *United States v. Reese*, 2 F.3d 870, 885 (9th Cir. 1993) ("[A] mere intention to use force that the jury ultimately finds unreasonable—that is, general criminal intent—is insufficient for conviction under section 242.")  Thus, § 242 does not merely proscribe the use of excessive force; rather, it proscribes the use of excessive force with the intent to violate the alleged victim's constitutional right to be free of such force.

The Defendant's concession, however, appears to be only that he "intended to do the act in question"—that is, use force against each of the alleged victims—and that he "intended the reasonable and probable consequences of that act."  *United States v.*

6

*Francis*, 164 F.3d 120, 121 (2d Cir. 1999) (explaining difference between general and specific act crimes).   That concession does not carry with it an admission that the Defendant used unreasonable force, nor does it carry with it an admission that the Defendant intended to violate the alleged victims' right to be free of such force.   Both are essential elements of a § 242 charge.   *See Reese*, 2 F.3d at 885 (affirming district court's instruction "that the jury was required to find that [the defendants] *intended* to use *unreasonable* force—that is, that they intended not only the force, but its unreasonableness, its character as 'more than necessary under the circumstances.' This is precisely the specific intent required by *Screws*.") (emphasis in original).   Indeed, defense counsel's argument that the Defendant's use of force "was appropriate under the circumstances" (Tr. 10:12-13) demonstrates the limited scope of the Defendant's concession.   If the Defendant intends to argue at trial that his use of force was reasonable, then his concession cannot be understood to mean that he had the "specific intent to deprive a person of a federal right" to be free of unreasonable force. *Screws*, 325 U.S. at 103.

In short, "intent is a material issue in this case," and, as a general matter, the Defendant may not concede the issue away: "the prosecution is entitled to establish [the Defendant's intent] by using admissible evidence of their choosing."   *United States v. Brown*, 250 F.3d 580, 585 (7th Cir. 2001).   *See also United States v. Zackson*, 12 F.3d 1178, 1182 (2d Cir. 1993) ("Where a defendant claims that his conduct has an innocent explanation, prior act evidence is generally admissible to prove that the defendant acted with the state of mind necessary to commit the offense charged.")   In a severed trial, Rule 404(b) would therefore allow the Government to use evidence of prior occasions

on which the Defendant allegedly used excessive force to prove that, on a later occasion, the Defendant's alleged use of excessive force was "willful[]."

Before admitting Rule 404(b) evidence, however, the Court must still "determine whether the probative value of the similar acts evidence is substantially outweighed by its potential for unfair prejudice" under Rule 403. *Huddleston v. United States*, 485 U.S. 681, 691 (1988).

The other-acts evidence in this case is very probative of the question whether the Defendant acted "willfully" when he allegedly used excessive force. It is, of course, difficult to prove intent without circumstantial evidence. *See United States v. Salameh*, 152 F.3d 88, 143 (2d Cir. 1998) ("[A]s a general rule most evidence of intent is circumstantial.") And it is even more difficult to prove a unique type of specific intent, such as that required by § 242, without circumstantial evidence. This fact underpins the Court's Rule 403 analysis because the probative value of a particular piece of evidence "may be calculated by comparing evidentiary alternatives." *Old Chief v. United States*, 519 U.S. 172, 184 (1997). *See also id.* at 184-85 ("[T]he [Advisory Committee Notes] leave no question that when Rule 403 confers discretion by providing that evidence 'may' be excluded, the discretionary judgment may be informed not only by assessing an evidentiary item's twin tendencies, but by placing the result of that assessment alongside similar assessments of evidentiary alternatives."); *United States v. Awadallah*, 436 F.3d 125, 132 (2d Cir. 2006) ("Probative value is also informed by the availability of alternative means to present similar evidence.") Put differently, when there are few ways to prove an element of a crime, any evidence that tends to prove that element necessarily has more probative value than it otherwise might. It is the rare case in

8

which a defendant's intent can be proved with direct evidence, and based on the Court's current understanding of the facts, this case appears to be no exception.

The strong similarity between the conduct at issue in each excessive force count also shows that the evidence would have high probative value in a severed trial. "When 'other act' evidence is offered to show knowledge or intent . . . such evidence must be 'sufficiently similar to the conduct at issue' to permit the jury to draw a reasonable inference of knowledge or intent from the other act." *United States v. Cadet*, 664 F.3d 27, 33 (2d Cir. 2011) (quoting *United States v. Peterson*, 808 F.2d 696, 974 (2d Cir. 1987)). As the Court noted when it held that Counts 1, 3, and 4 were properly joined, "the manner in which the Defendant allegedly violated § 242 is generally the same for each of the three excessive force counts." *Krug*, 198 F. Supp. 3d at 249. The facts underlying each excessive force count are, of course, not identical. But the general similarity between each act means that the Government may properly use evidence of prior acts to show that later acts were done "in open defiance or in reckless disregard of a known and definite federal right." Sand, *Modern Federal Jury Instructions: Criminal*, Instruction 17-6. This is particularly true if the Government offers evidence (as it says it will attempt to do) of the results of prior acts. The Government states that the 2010 and 2011 incidents (respectively, Counts 1 and 3) "involved internal investigations as well as lawsuits alleging violations of constitutional rights," and that those investigations and lawsuits "provide[] evidence of the defendant's knowledge that use of excessive force implicates federal constitutional rights." Docket No. 44 at 9 (emphasis omitted). Such evidence, if admitted, would help show willfulness by presenting the jury with evidence

of the Defendant's "experience, . . . acts and their results."   Sand, *Modern Federal Jury Instructions: Criminal*, Instruction 17-6.

As a result, the other-acts evidence in this case is highly probative of whether the Defendant acted "willfully."   18 U.S.C. § 242.   This conclusion means that, to be inadmissible under Rule 403, the prejudice from the other-acts evidence must be quite considerable if it is to "substantially outweigh[]," Fed. R. Evid. 403, the evidence's probative value.

Any prejudice that would result from the Government's proposed other-acts evidence does not overcome the evidence's high probative value.   The question whether evidence is so prejudicial as to be inadmissible is not a question "whether the evidence [is] suggestive of guilt—as all relevant evidence offered against the defendant would suggest guilt—but rather, whether 'it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence.'"   *United States v. Massino*, 546 F.3d 123, 132 (2d Cir. 2008) (quoting *United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980)).   "This 'adverse effect' may consist of a 'tendency of the evidence in question to prove some adverse fact not properly in issue or unfairly to excite emotions against the defendant.'"   *Id.* at 133 (quoting *Figueora*, 618 F.2d at 943).   The potential "adverse effect" in this case comes largely through the possibility that, as the Defendant puts it, "the jury could be persuaded to find [the Defendant] guilty, not by the quality of the evidence against him, but by the quantity of allegations."   Docket No. 47 at 11.   In other words, although the other-acts evidence is highly probative of the Defendant's state of mind, introducing the evidence in a severed trial carries the risk that the jury might consider the evidence for

something other than the "issue that justified its admission into evidence," *Massino*, 546 F.3d at 132 (quotation marks omitted)—namely, that a police officer who is alleged to have used excessive force on three different occasions is a bad police officer who must be criminally liable for at least one of those incidents, regardless of whether he willfully intended to violate any alleged victim's constitutional right to be free of excessive force.

The Court has carefully considered this argument. But a close look at the facts on which each § 242 count is based undercuts this concern significantly: based on the Court's understanding of the facts, none of the excessive force allegations is "more sensational or disturbing" than the others. *United States v. Roldan-Zapata*, 916 F.2d 795, 804 (2d Cir. 1990). *See also United States v. Mercado*, 573 F.3d 138, 142 (2d Cir. 2009) (affirming Rule 403 decision where other-acts evidence was "not especially worse or shocking than the transactions charged"). This makes it more likely that the jury will be able (if necessary, with a limiting instruction) to separately evaluate the evidence of each incident, rather than presuming guilt based on an emotional reaction to more inflammatory conduct at issue in one count. If no one incident is especially likely to engender outrage in the jury, then there is a lower risk that the jury will, as the Defendant fears, compensate for weaknesses in one charge by considering evidence of another charge. Of course, some prejudice will be present in this case. But that prejudice is an inevitable consequence of a properly-joined multi-count indictment. And because that prejudice does not "substantially outweigh[]," Fed. R. Evid. 403, the high probative value of the other-acts evidence, Rule 403 would not bar the evidence's admission.

Finally, the Court has considered that the incidents at issue in Counts 1, 3, and 4 occurred over the span of slightly more than four years.  In considering whether dated conduct should be excluded under Rule 403, "[n]either Rule 403 nor any analogous Rule provides any bright-line rule as to how old is too old." *United States v. Larson*, 112 F.3d 600, 605 (2d Cir. 1997) (affirming decision to admit, after a Rule 403 analysis, evidence that defendant had sexually victimized a minor 16 to 20 years prior to the conduct alleged at trial).  Instead, the rule is more flexible: a court "may exclude older acts if they have become too attenuated to be relevant or too remote to render the witness's memory reliable." *United States v. Curley*, 639 F.3d 50, 59 (2d Cir. 2011) (quotation marks omitted).

The primary way in which the age of the older events in this case might bar their admission under Rule 403 is if those events are "too remote to render the witness's memory reliable." *Id.*  In other words, because "the strength of the evidence establishing the similar act is one of the factors the court may consider when conducting the Rule 403 balance," *Huddleston*, 485 U.S. at 689 n.6, the Court must guard against the risk that the jury may give improper weight to an older event whose facts cannot be clearly established.  The events at issue in Counts 1 and 3 occurred, respectively, in August 2010 and February 2011, and the events at issue in Count 4 occurred in November 2014.  Further, as the Court noted in its previous Decision and Order, "the Government acknowledges that at least some of its evidence as to the 2010 incident is missing." *Krug*, 198 F. Supp. 3d at 251.

The Court does not minimize the Defendant's concern regarding the age of the events underlying Counts 1 and 3.  But because the age-related evidentiary problems

do not appear to be substantial, the Defendant's concern goes primarily to the weight the jury gives the other-acts evidence. In other words, the evidentiary problems related to the older incidents do not appear to be so severe as to render evidence of the incidents wholly unreliable. Thus, whether the jury uses evidence of a prior incident of alleged excessive force to decide the Defendant's state of mind on a later occasion is a question of conditional relevance. *See* Fed. R. Evid. 104(b). *See also Huddleston*, 485 U.S. at 689-91. If the jury finds that the evidence of the prior incidents is questionable or insufficient, the jury may decide that that evidence is entitled to little or no weight in the jury's consideration of the Defendant's state of mind on a later occasion. Based on the Court's current understanding of the facts, there appears to be enough evidence from which "the jury could reasonably find the conditional fact"—that is, the prior use-of-force incidents—"by a preponderance of the evidence." *Huddleston*, 485 U.S. at 690. The age of the older other acts in this case is, thus, not enough to render them inadmissible.

### B. Whether severance is appropriate

Because Rule 404(b) would allow the Government to use prior alleged excessive force incidents to prove later alleged excessive force incidents, the basis for severing Counts 1, 3, and 4 is substantially weakened. As the Court noted in its prior Decision and Order, "a joint trial may . . . be appropriate if the Government is permitted, under Rule . . . 404(b), to use evidence of one excessive force incident to help prove another excessive force incident." *Krug*, 198 F. Supp. 3d at 251. This is because a defendant cannot be unfairly prejudiced by evidence that "would have been admissible against [him] even if" multiple charges "had been tried separately." *United States v. Diaz*, 176

F.3d 52, 103 (2d Cir. 1999) (discussing this principle in the context of a motion to sever defendants in a RICO trial).

After careful consideration, the Court concludes that trying Counts 1, 3, and 4 together will not "prevent the jury from making a reliable judgment about guilt or innocence" as to each § 242 count in this case. *Zafiro v. United States*, 506 U.S. 534, 539 (1993). This conclusion is driven primarily by the fact that, as noted, none of the facts underlying any of the § 242 counts appears to be substantially more shocking than the facts underlying the other § 242 counts. In other words, because "the manner in which the Defendant allegedly violated § 242 is generally the same for each of the three excessive force counts," *Krug*, 198 F. Supp. 3d at 249, there is a diminished risk that the jury will improperly consider facts from one excessive force count in a joint trial. Instead, any prejudice that results from a joint trial comes largely from the fact that the Defendant is charged with using excessive force on three occasions, rather than one. But this prejudice is generally not "substantial," as it must be to justify severance. *See United States v. Werner*, 620 F.2d 922, 928 (2d Cir. 1980) (Friendly, J.). *See also id.* at 929 (noting that granting severance based "solely [on] the adverse effect of being tried for two crimes rather than one[] would reject the balance struck in [Federal Rule of Criminal Procedure] 8(a), since this type of 'prejudice' will exist in any Rule 8(a) case").

To be sure, and as the Court noted in its prior Decision and Order, some of the unique facts of this case point towards severance: the Government has video evidence of the 2014 incident, which carries the "risk that the jury will give the video undue weight or improper evidentiary value when considering the 2010 and 2011 incidents"; the Government also "acknowledges that at least some of its evidence as to the 2010

incident is missing," which, "given the nature of the Government's proof as to the 2014 incident," may have the unintended effect of "bolster[ing] potential weaknesses in the 2010 Counts" if they were tried with the 2014 incident; and, as noted, the 2014 incident occurred several years after the 2010 and 2011 incidents. *See Krug*, 198 F. Supp. 3d at 251.

After careful reflection, however, the Court believes that these issues are not so overwhelming that they would prevent a properly-instructed jury from considering each charge individually. In other words, the prejudice these issues might cause in a joint trial is not "substantial." *Werner*, 620 F.2d at 928. Moreover, these issues go primarily to the weight the jury gives a particular piece of evidence. They are, therefore, issues that are better addressed through thorough cross-examination, rather than by the severe remedy of severance.

Finally, *United States v. Sampson*, 385 F.3d 183 (2d Cir. 2004), on which the Defendant heavily relies, does not compel a different result. In *Sampson*, the Second Circuit held that the district court had abused its discretion by not severing trial on narcotics offenses that occurred in 1998 from trial on narcotics and firearms offenses that occurred in 2000. The Second Circuit held that severance was required because the defendant had made a particularized showing that trying all counts together would prevent him from testifying as to some counts while remaining silent as to others. *Id.* at 190-92. In response, the government argued that "evidence relating to the 2000 acts would be admissible at a separate trial on the 1998 counts" because the defendant had put his "identity and intent into issue" as to the 1998 counts. *Id.* at 192 (quotation marks omitted). The Second Circuit rejected the government's argument, first noting that the

only way in which the 2000 counts were relevant to the 1998 counts was in suggesting that "the events in 2000 showed that [the defendant] was a drug dealer, and because he was a drug dealer it is more likely that he was the man wearing the yellow jacket containing drugs that was chased by [a police officer] in 1998." *Id.* at 192.  The Second Circuit also rejected the government's argument that, because the defendant claimed to have been misidentified in 1998, his intent was at issue as to the 1998 counts. Specifically, the court noted, "'intent is not placed in issue by a defense that the defendant did not do the charged act at all.'"  *Id.* at 193 (quoting *United States v. Ortiz*, 857 F.2d 900, 904 (2d Cir. 1988)).  Instead, "'when a defendant unequivocally relies on such a defense, evidence of other acts is not admissible for the purpose of proving intent.'"  *Id.* (quoting *Ortiz*, 857 F.2d at 904) (brackets omitted).

*Sampson*'s holding does not change the Court's conclusion in this case.  First, the Court previously rejected the Defendant's argument that he was entitled to severance so that he could testify as to one count, but not others.  *Krug*, 198 F. Supp. 3d at 250-51.  And second, *Sampson*'s conclusion that the 2000 counts could not be used to prove the 1998 counts is not on point with this case.  In *Sampson*, the Defendant's defense as to the 1998 counts was that he was not the person whom a police officer had seen dealing drugs—in other words, his defense was that he "did not do the charged act at all."  *Sampson*, 385 F.3d at 193 (quotation marks omitted).  Thus, the Government's proposed Rule 404(b) evidence would have been a classic example of propensity evidence: as the Second Circuit noted, the other-acts evidence would have suggested that, because the Defendant had dealt drugs on a later occasion, he must have been the person the police officer had seen dealing drugs on an earlier

16

occasion.  *Id.* at 192.  In this case, however, the Defendant's defense is not that he "did not do the charged act at all."   His defense, instead, is that his use of force was reasonable under the circumstances.   In other words, although he argues that his conduct did not rise to the level at which criminal liability attaches, the Defendant does not dispute whether force was used against the alleged victims, nor does he dispute whether he was the officer who used that force.   *Sampson* thus does not change the Court's conclusion that severance is not warranted.

## CONCLUSION

For the reasons stated above, the Defendant's severance motion is denied.  Trial on all counts in the superseding indictment will proceed, as scheduled, on October 24, 2017.

**SO ORDERED.**

Dated: March 8, 2017                          ____*s/Richard J. Arcara*_____
     Buffalo, New York                          HONORABLE RICHARD J. ARCARA
                                        UNITED STATES DISTRICT JUDGE