UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

-vs-

COREY KRUG,

            Defendant.

_____

Docket No. 15-CR-157-A

## OFFICER COREY KRUG'S MOTION IN LIMINE TO EXCLUDE EVIDENCE

Terrence M. Connors, Esq.
Nicholas A. Romano, Esq.
**CONNORS LLP**
*Attorneys for Defendant*
  *COREY KRUG*
1000 Liberty Building
Buffalo, New York  14202
(716) 852-5533
tmc@connorsllp.com
nar@connorsllp.com

and

Herbert L. Greenman, Esq.
**LIPSITZ GREEN SCIME**
  **CAMBRIA LLP**
*Attorneys for Defendant*
  *COREY KRUG*
42 Delaware Avenue
Buffalo, New York 14202
(716) 849-1333
hgreenman@lglaw.com

## INTRODUCTION

While the government has failed to respond to our request for disclosure and a hearing pursuant to 404(b) made over three years ago, recent discovery provided a few days ago suggests that the government may seek to introduce dated and largely unsubstantiated evidence regarding other confrontations between Officer Corey Krug and individuals he arrested and accused of criminal conduct during the course of his eighteen-year career as a law enforcement member.

## PRELIMINARY STATEMENT

"That natural and inevitable tendency of the tribunal—whether judge or jury—is to give excessive weight to the vicious record of crime thus exhibited, and either to allow it to bear too strongly on the present charge, or to take proof of it as justifying a condemnation irrespective of guilt of the present charge." 2 Weinstein's Federal Evidence § 404.20.  For this reason, and the others discussed below, Officer Krug moves *in limine* to alert the Court in the event the government intends to introduce evidence of prior bad acts, particularly Internal Affairs Division Complaints ("IADs") pertaining to excessive force, many of which are years old and are unsubstantiated, both in its case-in-chief and with respect to cross-examining defense witnesses.

Simply put, should the government seek to introduce this evidence, it would be solely for propensity purposes, regardless of the other myriad labels it may attach.  Not only is such evidence prohibited under Federal Rule of Evidence ("FRE") 404(b), but it is equally proscribed by FRE 403.

2

## ARGUMENT

The Court should preclude the government from introducing prior bad act evidence, including, but not limited to, these largely unsubstantiated IADs relating to excessive force claims.  FRE 404(b) prohibits the evidence of a crime, wrong, or other act to "prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1). In other words, "[t]he prohibition of Rule 404(a)(1) is aimed at the tactic of attempting to prove a person's action on a particular occasion by offering evidence that the person has an ingrained tendency to act in a certain matter." Weissenberger's Federal Evidence § 404.4 (7th Ed.).  Indeed, "[o]ur whole tradition is that a man can be punished by criminal sanctions only for specific acts defined beforehand to be criminal, not for general misconduct or bearing a reputation for such misconduct." *See Michelson v. United States*, 335 U.S. 469, 489 (1948) (Rutledge, J., dissenting).

To determine whether "other act" evidence is properly admitted under Rule 404(b), a district court must consider whether: (1) the prior act evidence was offered for a proper purpose; (2) the evidence was relevant to a disputed issue; (3) the probative value of the prior act evidence substantially outweighed the danger of its unfair prejudice; and (4) there is an appropriate limiting instruction.  *United States v. Cadet,* 664 F.3d 27 (2d Cir. 2011).

Although the Second Circuit takes an "inclusionary approach," to the admission of such evidence, this approach "does not invite the Government to offer,

3

carte blanche, any prior acts of the defendant in the same category of crime." *United States v. Serrano*, No. 13 CR. 58 KBF, 2014 WL 2696569, at *5 (S.D.N.Y. June 10, 2014). Moreover, it is "improper to receive evidence ostensibly as probative of knowledge when it is in reality propensity evidence in sheep's clothing." *Id.*

Furthermore, "[t]he Government may not use Rule 404(b) to parade past the jury a litany of potentially prejudicial similar acts that have been established or connected to the defendant only by unsubstantiated innuendo." *Id.* The risk implicit in admitting such evidence is that "the jury will convict because the defendant may not have been punished for his prior offenses and the injustice of requiring the defendant to defend against a series of accusations." *United States v. Aboumoussallem*, 726 F.2d 906, 911 (2d Cir. 1984). Indeed, "[t]hese possibilities of prejudice must be assessed even in cases where the prosecutor offers similar acts evidence, not to prove the character of the accused, but to prove one of the permissible subsidiary facts listed in Rule 404(b)." *Id.*

"Under Rule 404(b), similar act evidence is only admissible if it is relevant, and it is only relevant if the jury could reasonably conclude that the act occurred and that it is connected to the defendant." *Serrano*, No. 13 CR. 58 KBF, 2014 WL 2696569, at * 5. Where, for example, the proffered FRE 404(b) evidence is unsubstantiated, the evidence may be admitted only if the court concludes that a jury could reasonably find the fact by a preponderance of the evidence. *Huddleston v. United States*, 485 U.S. 681, 690 (1988). Such evidence then implicates FRE 403

4

concerns, specifically undue delay that a mini-trial concerning the evidence would be required. *See, e.g., United States v. Hatfield*, 685 F. Supp. 2d 320, 324 (E.D.N.Y. 2010).

Should the government seek to introduce evidence of, *inter alia*, unsubstantiated IADs, it would be for purely propensity reasons. Indeed, in a case where the government joined three alleged incidents of use of excessive force, the introduction of unsubstantiated allegations of prior bad acts is particularly perilous for several reasons.

First, to the extent the government will argue any prior IADs regarding excessive force go to Officer Krug's state of mind in the three charged incidents, the argument fails. "[T]he question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, **without regard to their underlying intent or motivation**. An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force." *Graham v. Connor*, 490 U.S. 386, 397 (1989) (emphasis added). Moreover, "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id.* at 396-97. Accordingly, use of force "must be judged from the perspective of a reasonable officer **on the scene**, rather than with 20/20 vision of hindsight." *Id.* at 396 (emphasis added). This is all to say that prior IADs relating to allegations of excessive force have no bearing on the issue of state of mind, intent,

5

motive, or knowledge in any of the charged instances because each charged instance **must** be assessed based on the facts at hand.

Second, such evidence would constitute nothing more than a parade of prejudicial propensity evidence. Allowing the government to introduce the evidence practically begs the jury to convict Officer Krug—not on the facts of the charged incidents—but on the piling of irrelevant, uncharged, unsubstantiated conduct. Third, introducing unsubstantiated charges would require the government to prove that a reasonable jury could find beyond a preponderance of the evidence that the act occurred in the first place, after an administrative investigation found it unlikely. At a minimum, the government would be required to call witnesses to testify to the unsubstantiated claims, and undoubtedly introduce myriad other types of proof to pass the allegation beyond unsubstantiated innuendo. In a case charging three separate incidents of excessive force, such evidence would result in confusion and undue delay.

Simply put, Officer Krug faces a trial **only** for the charges in the indictment. The government has had years to gather evidence supporting those charges. It should not be permitted to bootstrap unsubstantiated allegations to impermissibly bolster those charges.

## OTHER POSSIBLE EVIDENTIARY ISSUES

Officer Krug respectfully alerts the Court to the following additional evidentiary issues:

- Improper lay witness opinion testimony. While Officer Krug has not received notice of this potential evidence, he wishes to alert the Court to the possibility that the government may attempt to elicit—as it did in the grand jury—additional improper evidence in the form of lay witness opinion testimony by other law enforcement officers, including those who did not witness the incidents at issue. This testimony, in addition to being inadmissible propensity evidence under FRE 404, also constitutes improper lay witness opinion testimony in violation of FRE 701. Lay witnesses may testify in the form of an opinion only if the opinion is, *inter alia*, "helpful to clearly understanding the witness's testimony or to determining a fact in issue." FRE 701(b). Here, the potential opinion testimony is not helpful because, at most, it would pertain to Officer Krug's state of mind. As explained above, an officer's "underlying intent or motivation" is irrelevant to the question of whether the officer's actions were reasonable under the Fourth Amendment. *Graham*, 490 U.S. at 397. Accordingly, the opinion testimony would be both irrelevant and inadmissible under FRE 701.
- Admissibility of Civil Litigation. Officer Krug also wishes to alert the Court that Officer Krug must be allowed to show the bias of potential government witnesses by introducing evidence of civil litigation in which Officer Krug is a named defendant. "The law is well settled in this Circuit, as in others, that bias of a witness is not a collateral issue and extrinsic evidence is admissible to prove that witness has a motive to testify falsely." *United States v.*

7

*Harvey*, 547 F.2d 720, 722 (2d Cir. 1976). Moreover, "[f]oreclosing inquiry into a witness' bias is error unless the jury has other sufficient information of that possible bias." *United States v. Lawson*, 683 F.2d 688, 693 (2d Cir. 1982). Here, potential government witnesses may have bias against Officer Krug because they have filed civil lawsuits against him. *See United States v. Gambler*, 662 F.2d 834, 839 (D.C. Cir. 1981) (holding that district court erred in refusing to allow defense to establish existence of complainant's prior lawsuits against defendant). Even more troubling, two of these lawsuits remain pending, and the plaintiffs stand to be awarded substantial monetary damages if Officer Krug is found liable. Accordingly, Officer Krug must be permitted to introduce evidence of the civil litigation to demonstrate the bias of these witnesses and their motive to testify falsely against him. Should the Court permit evidence of these civil lawsuits for the purpose of showing the witnesses' bias, any mention of settlement must be precluded. *See* FRE 408.

## CONCLUSION

Pursuant to FRE 403 and 404(b), the government should be precluded from introducing evidence of prior bad acts, including IADs pertaining to excessive force claims.

DATED:      January 7, 2019
            Buffalo, New York

                                       */s/ Terrence M. Connors*
                                       Terrence M. Connors, Esq.
                                       Nicholas A. Romano, Esq.
                                       **CONNORS LLP**
                                       *Attorneys for Defendant*
                                            *COREY KRUG*
                                       1000 Liberty Building
                                       Buffalo, New York  14202
                                       (716) 852-5533
                                       tmc@connorsllp.com
                                       nar@connorsllp.com

                                       and

                                       Herbert L. Greenman, Esq.
                                       **LIPSITZ GREEN SCIME**
                                            **CAMBRIA LLP**
                                       *Attorneys for Defendant*
                                            *COREY KRUG*
                                       42 Delaware Avenue
                                       Buffalo, New York 14202
                                       (716) 849-1333
                                       hgreenman@lglaw.com